## MATTHEW DANIELS v. THE STATE.

### No. 4637. Decided October 24, 1917.

**1.—Cow Theft—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of theft of a cow, the evidence sustained a conviction, there was no reversible error.

**2.—Same—Other Offenses—Evidence—Moral Turpitude.**

Upon trial of theft of a cow, there was no error in permitting the State to show by defendant while on the stand that he had been convicted of a felony, and served a term in the penitentiary some four years before the instant trial.

**3.—Same—Evidence—Leading Questions—Bill of Exceptions—Rule Stated.**

The usual and exact method of examining and impeaching a witness is to ask the precise question put to the witness sought to be impeached in laying

a foundation, and such question is not objectionable because of its leading character. Following Carter v. State, 59 Texas Crim. Rep., 73.

Appeal from the District Court of Harrison. Tried below before the Hon. P. O. Beard.

Appeal from a conviction of cow theft; penalty, imprisonment in the penitentiary for two years.

The opinion states the case.

*Lane & Lane,* for appellant.—On question of other offenses: Wynn v. State, 54 Texas Crim. Rep., 538, 113 S. W. Rep., 918.

On question of impeaching witness: Goodsoe v. State, 52 Texas Crim. Rep., 626, 108 S. W. Rep., 398; Garrett v. State, 52 Texas Crim. Rep., 259, 106 S. W. Rep., 392; Ripley v. State, 100 S. W. Rep., 943.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of impeaching witness: Scoville v. State, 77 S. W. Rep., 792; Hull v. State, 50 Texas Crim. Rep., 607; Davis v. State, 52 id., 629; White v. State, 57 id., 196.

On question of moral turpitude of witness: Lights v. State, 21 Texas Crim. App., 313; Sentell v. State, 34 Texas Crim. Rep., 260; Ellis v. State, 154 S. W. Rep., 1010; Keats v. State, 175 S. W. Rep., 149.

On leading questions to witness: Graham v. State, 163 S. W. Rep., 728; Carter v. State, 59 Texas Crim. Rep., 73.

PRENDERGAST, Judge.—Appellant was convicted of cow theft and the lowest punishment assessed against him. The evidence was amply sufficient to sustain the verdict and the court gave a correct charge, submitting every issue raised.

There are but two questions raised: One is his complaint that for the purpose of impeaching his veracity the State was permitted to ask him, and he required to answer, that on April 10, 1912, he had been convicted in the District Court of said county of forgery under the name of Frank Charles and served a term in the penitentiary. It has always been held that such evidence of impeachment was admissible in this State. 1 Branch's Ann. P. C., sec. 167, where a large number of cases are collated.

The other bill shows that he objected to certain leading questions propounded by the State to its witness Jemison. The bill is wholly insufficient to show that the court erred in permitting the leading questions under Carter v. State, 59 Texas Crim. Rep., 75, and other cases cited in 1 Branch's Ann. P. C., sec. 159. But in this case the court qualifies his bill by showing that these leading questions were permitted to be asked the witness Jemison and his answers given because his testimony was in direct impeachment of appellant when he denied making to Jemison the statements which Jemison said he did make to him, and the court in his charge limited the testimony of said Jemison in answer to said questions for impeachment purposes only. The

ruling of the court was based upon the rule of law which is well es.ab-lished and accurately stated in 40 Cyc., 2751: "The usual and most exact method of examining an impeaching witness is to ask the precise question put to the witness sought to be impeached in laying a founda-tion, and such question is not objectionable because of its leading char-acter." To the same effect is 5 Jones on Evidence, p. 211. It is un-necessary to cite other authorities.

The judgment is affirmed. *Affirmed.*